IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ALLEN D. SHEPHARD, JR.,
    Plaintiff,

vs.                                    Case No.:  4:05cv357/MMP/EMT

STEVENS, et al.,
    Defendants.

_____/

## REPORT AND RECOMMENDATION

    This matter is before the court on Plaintiff's amended civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 16).  Leave to proceed in forma pauperis has been granted (Doc. 11).

    Plaintiff, an inmate at the Liberty Work Camp at the time of filing this action, names as Defendants J. Moore, a representative of the Secretary of the Department of Corrections (DOC); Mr. Hosford, the Warden at Liberty Correctional Institution (LCI); and three classification officers at LCI (Doc. 16 at 2).  Plaintiff claims that Defendants violated the provisions of the Florida Administrative Code governing classification of inmates by denying his requests for work release or placement in a work camp (*id*. at 7).  Additionally, Defendants violated the administrative provisions governing inmate grievances by failing to properly respond to his inmate grievances concerning his requests for work release (*id*.).  As relief, Plaintiff seeks payment of all court fines imposed upon him, reimbursement of all court fines that he has paid, and monies that he could have earned on work release if Defendants had granted his requests (*id*. at 8).

    Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C.A. § 1915(e)(2)(B).  A complaint is frivolous under section 1915(d) "where it lacks an

arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id.* at 327, 109 S.Ct. at 1833, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). The complaint may be dismissed only if it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief. Brown v. Budget Rent-A-Car Systems, Inc., 119 F.3d 922, 923 (11th Cir. 1997). Upon review of the complaint, the court concludes that dismissal of Plaintiff's claims is warranted.

Plaintiff alleges the following facts in support of his claims. He submitted a request for a job at a work camp dealing with waste water, but was told that a job was not available (Doc. 16 at 7). However, four people were given that job after Plaintiff submitted his request (*id.*). He also requested placement in a work release program and was told that he would have an opportunity for such placement. However, he was not placed in a work release program, and inmates with medical issues and disciplinary records were placed in work release after Plaintiff submitted his request (*id.*). Additionally, Plaintiff states that Defendants failed to properly respond to his grievances. For example, he appealed the denial of his requests for work release to the Secretary of the DOC, but the appeal was erroneously determined to be untimely (*id.*).

Plaintiff has failed to state a viable claim for relief against any of the named Defendants. In any section 1983 action, the initial inquiry must focus on whether two essential elements are present:

> 1. whether the conduct complained of was committed by a person acting under color of state law; and
>
> 2. whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420, 428 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); Duke v. Cleland, 5 F.3d 1399, 1403 (11th Cir. 1993) (citing Parratt).

In the instant case, Plaintiff claims that Defendants violated the Florida Administrative Code. However, he neither claims, nor do the facts suggest, that Defendants' conduct deprived him of rights guaranteed by the Constitution or federal law. Therefore, he has failed to state a claim cognizable under section 1983.

Accordingly, it is respectfully **RECOMMENDED**:

That this action be **DISMISSED WITH PREJUDICE** for Plaintiff's failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

At Pensacola, Florida this 17th day of March 2006.

*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**
**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**